RECEIVED
MAR 2 2 2006

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ARISTA RECORDS, L.L.C.<br>SONY BMG MUSIC ENTERTAINMENT<br>VIRGIN RECORDS AMERICA, INC.<br>ATLANTIC RECORDING CORP.<br>ELEKTRA ENTERTAINMENT GROUP, INC. | CIVIL ACTION NO. 05-1319<br><br>JUDGE HAIK<br><br>MAGISTRATE JUDGE METHVIN |

VS.

FREDERICK CAMPBELL

## RULING ON AMOUNT OF RULE 37(a)(4) SANCTIONS

On February 8, 2006, the undersigned magistrate judge granted the unopposed motion to compel filed by plaintiffs Arista Records LLC, Elektra Entertainment Group, Inc., SONY BMG MUSIC ENTERTAINMENT, Virgin Records America, Inc., and Atlantic Recording Corporation on December 30, 2005.[1] Plaintiffs were ordered to file an affidavit of fees and costs incurred in bringing the motion to compel so that the court could make an appropriate award of attorney's fees. Plaintiffs' affidavits are now before the court.[2] They are unopposed.

Rule 37(a)(4) FED. R. CIV. P. provides that when a motion to compel is granted the court shall require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, including a reasonable attorney's fee. Reasonable attorneys' fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The calculation of reasonable hours requires a determination of whether the total number of hours claimed were

---

[1] Rec. Doc. 17.

[2] See Affidavit of Beth A. Larigan, Rec. Doc. 18, and Affidavit of Karen D. Ancelet, Rec. Doc. 19.

reasonable and whether specific hours claimed were reasonably expended. League of United Latin American Citizens #4552 (LULAC) v. Rosco Independent Sch. Dist., 119 F. 3d 1228, 1232 (1997). A reasonable hourly billing rate is based on the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). Reasonable costs are costs which would ordinarily be charged to a fee-paying client. Associated Builders and Contractors of Louisiana, Inc. v. Orleans Parish School Board, 919 F.2d 374, 379 (5th Cir. 1990).

Plaintiffs seek $664.18 in attorney's fees in connection with the filing of the motion to compel, broken down as follows: (1) $487.93 in fees and costs charged by national counsel Shook, Hardy & Bacon, L.L.P. in Kansas City, Missouri (3.60 attorney and paralegal hours,[3] plus $12.93 in long-distance telephone charges), and (2) $176.25 in fees charged by local counsel Jones Walker (.75 hours billed by Karen Ancelet at a rate of $200.00 per hour, totaling $150.00, plus .75 hours billed by paralegal Cheryl Landry at various hourly rates, totaling $26.25). After reviewing the affidavit and the underlying discovery dispute, the undersigned concludes that the number of hours expended and the hourly rates sought are reasonable, as is the amount sought for expenses.

**IT IS THEREFORE ORDERED** that defendant Frederick Campbell shall forward payment to plaintiffs through their counsel of record the sum of $664.18 within thirty (30) days following receipt of this order.

---

[3] Counsel does not designate which of the 3.60 total hours were performed by the attorney and which were performed by the paralegal, only that the customary hourly rate for attorney Beth Larigan is $150.00, while the customary hourly rate for paralegal Jennifer Rodgers is $90.00.

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

Signed at Lafayette, Louisiana on March 22, 2006.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

SENT
DATE 3-22-06
FY 06
TO MEM

Via fax: Ancelet
Buick
Vance

Via mail: J. Campbell